UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

COLETTE STALLONE,

    Plaintiff,

v.

DEVONSHIRE AT PGA NATIONAL, LLC,
a foreign limited liability company,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, COLETTE STALLONE, (hereinafter referred to as "Plaintiff" or "Stallone") by and through her undersigned attorney, hereby file this Complaint against Defendant, DEVONSHIRE AT PGA NATIONAL, LLC, a foreign limited liability company, (hereinafter referred to as "Defendant" or "Devonshire") and as grounds hereby states as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant has a principal place of business located at 701 Maiden Choice Lane, Baltimore, Maryland 21228.

6. This cause of action arose in Palm Beach County.

7. Palm Beach County is proper venue for this action because Defendant is located in Palm Beach County; Plaintiff was employed by Defendant in Palm Beach County, Florida.

## COMMON ALLEGATIONS

8. Plaintiff was employed with Defendant from on or about August 2002 up to and including her separation on August 7, 2015.

9. Plaintiff position was that of Pastry Chef with responsibilities that included preparing all pastry items for residents daily, maintaining inventory control and proper ordering. Plaintiff's duties predominantly included routine mental, manual, mechanical, or physical work.

10. Plaintiff's job duties did not include any decision-making authority to hire, terminate, promote or give instruction to other employees. Further, Plaintiff had no employees directly reporting to her.

11. Plaintiff's position as Pastry Chef did not require a four-year academic degree, and Plaintiff did not have a four-year academic degree.

12. Defendant failed to pay Plaintiff overtime premiums as required under federal law.

13. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

14. Defendant at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

15. Plaintiff regularly worked over forty (40) hours in a given work week.

16. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

17. Plaintiff is a non-exempt employee and otherwise entitled to overtime payments.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF FLSA 29 U.S.C. § 207

Plaintiff re-alleges Paragraphs 1 through 17 as set forth herein.

18. Plaintiff is a covered non-exempt employee who is entitled to overtime compensation for all her hours worked in excess of forty (40) hours per week.

19. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

20. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by Defendant.

21. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

22. Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

23. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's

fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

24. As a direct and proximate result of the Defendant's action, Plaintiff has suffered damages.

25. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant as follows:  That Plaintiff be awarded back overtime payments, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

Plaintiff further demands trial by jury.

Dated this 28th day of September 2015.

    s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@csapalaw.com
Secondary e-mail: mail@csapalaw.com
Stephanie Cagnet Myron, Esq.
Florida Bar No. 88973
Primary e-mail: SMyron@csapalaw.com
Secondary e-mail: mail@csapalaw.com
CATHLEEN SCOTT & ASSOCIATES, P.A.
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:   (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.FloridaLaborLawyer.com