# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 9:15-cv-81340-RLR

COLETTE STALLONE,

    Plaintiff,

v.

DEVONSHIRE AT PGA NATIONAL, LLC,

    Defendant.

_____/

## SETTLEMENT AGREEMENT AND RELEASE

Colette Stallone and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Stallone"), and Devonshire at PGA National, LLC ("Defendant"), agree that:

WHEREAS, Stallone claims that she is owed unpaid overtime compensation by Defendant under the Fair Labor Standards Act ("FLSA") and has filed an action in the United States District Court for the Southern District of Florida, styled <u>Colette Stallone v. Devonshire at PGA National, LLC</u>, Case No. 15-81340-Civ-Rosenberg/Brannon ("the Action") to recover the alleged unpaid overtime wages;

WHEREAS, Stallone asserts as the basis of her claims in the Action that Defendant failed to compensate her for all overtime hours worked in violation of the FLSA;

WHEREAS, Defendant denies that Stallone is entitled to any recovery under the FLSA, but has settled Stallone's claims to resolve the controversy between them amicably and expeditiously and avoid the costs relating to litigation of the Action;

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by entering into this Settlement Agreement and Release (the "Agreement"), it is hereby

STIPULATED AND AGREED by and between the Parties that Stallone's claims are resolved as follows:



CASE NO. 9:15-cv-81340-RLR

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendant agrees to pay to Stallone **fifteen-thousand dollars ($15,000.00)**, as follows:

   a. a check payable to the order of Colette Stallone in the amount of **four-thousand five-hundred dollars ($4,500.00)**, less lawful deductions, representing back wages, for which a W-2 will be issued;

   b. a check payable to the order of Colette Stallone in the amount of **four-thousand five-hundred dollars ($4,500.00)**, representing compensatory damages, for which a Form 1099 will be provided; and

   c. a check payable to the order of Scott Wagner & Associates, P.A. (Fed. I.D. No. 65-1056212) in the amount of **six-thousand dollars ($6,000.00)**, representing costs and attorney's fees, for which a Form 1099 will be provided.

   The checks described above shall be delivered to Scott Wagner & Associates, P.A. within ten (10) business days after the last of the following have occurred: (1) counsel for Defendant receives this Agreement with Stallone's original signature; (2) counsel for Defendant receives the Agreement and General Release executed by Stallone with her original signature, that Agreement is incorporated herein by reference; (3) counsel for Defendant receives fully completed and signed IRS forms W-4 and W-9 from Stallone and a W-9 form from her counsel; (4) counsel for Defendant receives the Court's order approving this Agreement; and (5) counsel for Defendant receives the Court's order of dismissal of the Action with prejudice.

   The sums detailed above are in full and final settlement and resolution of any and all wage claims which Stallone had, has, or may have against Defendant arising out of or in any way connected with her employment with Defendant as of the date of the execution of this Agreement. Each Party shall bear her or its own fees and costs, except as provided for herein.

2. **Tax Responsibility.** Stallone agrees that she will be exclusively responsible for the payment of any taxes owed on any amounts paid to her under the terms of this Agreement. Defendant makes no representation as to the taxability of the amounts paid to Stallone or her counsel. Stallone agrees to pay her portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Stallone agrees to indemnify Defendant and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to her or her counsel under this Agreement.



CASE NO. 9:15-cv-81340-RLR

3. **No Consideration Absent Execution of this Agreement.** Stallone understands and agrees that she would not receive the monies and/or benefits specified in paragraph "1" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

4. **Release of All Compensation-Related Claims.** Stallone knowingly and voluntarily releases and forever discharges Defendant and its executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and its current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Stallone had, has, or may have against Releasees as of the date of execution of this Agreement related to her compensation in connection with her employment with Defendant including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act ("FLSA");
- Breach of Contract;
- The Equal Pay Act;
- The Florida Constitution (Art. X, Section 24);
- Florida Wage Discrimination Law – Fla. Stat. § 448.07;
- Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Florida Wage Payment Laws;
- Miami-Dade County Wage Theft Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation;
- any public policy, contract, tort, or common law regarding employment compensation; and/or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Nothing in this Agreement prohibits or prevents Stallone from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB,



CASE NO. 9:15-cv-81340-RLR

SEC, DOL, *etc.*), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Stallone's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Stallone agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Stallone waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.** Stallone affirms that she has not filed, caused to be filed, and presently is not a party to any claim, complaint, or action against Releasees in any forum or form, other than this Action.

Stallone further affirms she is aware of her obligations to make any tax payments and forward payment to the Internal Revenue Service.

Stallone affirms that all of Releasees' decisions regarding her pay and benefits through the date of execution of this Agreement were not discriminatory based on disability, race, color, sex, religion, national origin or any other classification protected by law.

Releasees and Stallone affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8   **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, with regard to Stallone's compensation-related claims against



CASE NO. 9:15-cv-81340-RLR

Defendant, and fully supersedes any prior agreements or understandings between the Parties with regard to Stallone's employment, except the Agreement and General Release, which is incorporated herein by reference. Stallone acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**STALLONE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES WITH REGARD TO STALLONE'S COMPENSATION AND WAGES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _/s/ Colette Stallone_
Colette Stallone

Date: 2/5/16

Devonshire at PGA National, LLC

By: _/s/ James Wingardner_
James Wingardner
Executive Director

Date: 2/12/16

4819-1896-9644, v. 3

